UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA   :
                v.   :   Criminal No. ~~06-174(mn)~~ 06-136

KRISTIAN GARCIA   :
      Defendant.   :

## PROFFER OF EVIDENCE

If this case were to go to trial, the government's evidence would establish beyond a reasonable doubt:

1. In 2005, a confidential informant ("CI") agreed to assist law enforcement with drug trafficking in the District of Columbia. An undercover officer with the Metropolitan Police Department ("UC"), was introduced to the defendant, Kristian Garcia by the CI. The UC arranged to meet the defendant and purchase a quantity of heroin. On January 13, 2006, at approximately 3:45 p.m., the UC arrived by car in the area of First and L Street, N.E., Washington, D.C. The UC observed a light color van with the defendant in passenger seat. The UC parked his vehicle and the defendant and a second Latino individual entered his vehicle. The defendant sat in the front passenger seat. The defendant pulled out a bag containing approximately 53 grams of heroin. The UC gave the defendant $3,500 in MPD pre-marked funds for the heroin. The defendant and the UC discussed future drug purchases. The drug transaction was captured both on audio and video tape.

2. Another UC had arranged to meet the defendant and purchase a quantity of heroin. On February 14, 2006, at 2:45 p.m., the UC arrived by car in the area of the 100 block of L Street, N.E., Washington, D.C. The UC observed a ~~blue~~ grey van with New Jersey license tags

on it parked with the defendant seated inside the vehicle. The UC parked her vehicle and the defendant and a second Latino individual entered her vehicle. The defendant sat in the front passenger seat. The defendant pulled out a black bag containing approximately 104 grams of heroin. The UC gave the defendant $7,000 MPD pre-marked funds for the heroin. The defendant and the UC discussed future drug purchases. The drug transaction was captured both on audio and video tape.

3. The first UC arranged to meet the defendant and purchase another quantity of heroin. The UC agreed to purchase a kilogram of heroin from the defendant for $60,000. On April 13, 2006, at approximately 8:00 p.m., the UC arrived by car at the Travelodge Motel, at 1917 Bladensburg Road, N.E., Washington, D.C. The UC went to Hotel Room #211, knocked on the door and entered the room. The defendant and a second Latino individual were inside the room. The UC showed the defendant U.S. Currency, the defendant acknowledged that he had the heroin and directed the UC to the heroin, and the UC said he would have to go back to the car to get the rest of the money. The UC left the room and the police arrest team moved in and arrested the defendant. The drug transaction was captured both on audio and video tape. The heroin was sent to the DEA Mid-Atlantic Laboratory and analyzed. The heroin weighed 986 grams, and was 9.2% pure.

**Limited Nature of Proffer**

This proffer of evidence is not intended to constitute a complete statement of all facts known by Mr. Garcia but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for defendant's plea of guilty to the charged offense.

                                                                     KENNETH L. WAINSTEIN
                                                                     UNITED STATES ATTORNEY

BY: _____
       Anthony Scarpelli
       Assistant United States Attorney

**DEFENDANT'S ACCEPTANCE**

    I have read the Proffer of Evidence setting forth the facts as to my guilty plea to Unlawful Distribution of 100 grams or more of a Controlled Substance (heroin), in violation of 21 U.S.C. section 841 (a)(1). I have discussed this proffer fully with my attorney, Lara Quint, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 6/27/06

_____
Kristian Garcia
Defendant

## 21 U.S.C. Section 841(a)(1) & 841(b)(1)(A)(iii)

## DISTRIBUTION OF A CONTROLLED SUBSTANCE

The essential elements of distribution of a controlled substance, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant distributed a controlled substance, namely heroin. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

2. That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. The quantity was of heroin distributed by the defendant was over 100 grams.