UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-136 (HHK) |
| : | |
| KRISTIAN S. GARCIA, : | |
|         Defendant. : | |
| : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant within the Guidelines range calculated in the Pre-Sentence Report.

**I.     BACKGROUND**

In 2005, a confidential informant ("CI") agreed to assist law enforcement with drug trafficking in the District of Columbia. An undercover officer with the Metropolitan Police Department ("UC-1"), was introduced to the defendant, Kristian Garcia, by the CI. UC-1 arranged to meet the defendant and purchase a quantity of heroin. On January 13, 2006, the defendant left New Jersey in a light colored van headed towards Washington, D.C. He was a passenger in the vehicle. At approximately 3:45 p.m., the defendant arrived in the area of First and L Streets, N.E., Washington, D.C. UC-1 noticed the defendant in the van, parked his vehicle near the van, and the defendant and a second Latino individual entered UC-1's vehicle. The defendant sat in the front passenger seat. The defendant pulled out a bag containing approximately 53 grams of heroin. UC-1 gave the defendant $3,500 in MPD pre-marked funds for the heroin. The defendant and UC-1 discussed future drug purchases. The drug transaction was captured both on audio and video tape.

The heroin was sent to the DEA Mid-Atlantic Laboratory and analyzed. The heroin weighed 49.8 grams, and was 72% pure.

Another UC ("UC-2") arranged to meet the defendant and purchase a quantity of heroin. On February 14, 2006, at 2:45 p.m., UC-2 arrived by car in the area of the 100 block of L Street, N.E., Washington, D.C. UC-2 observed a blue van with New Jersey license tags on it parked with the defendant seated inside the vehicle. UC-2 parked UC-2's vehicle next to the van, and the defendant and a second Latino individual entered UC-2's vehicle. The defendant sat in the front passenger seat. The defendant pulled out a black bag containing approximately 104 grams of heroin. UC-2 gave the defendant $7,000 in MPD pre-marked funds for the heroin. The defendant and UC-2 discussed future drug purchases. The drug transaction was captured both on audio and video tape. The heroin was sent to the DEA Mid-Atlantic Laboratory and analyzed. The heroin weighed 97.3 grams, and was 59% pure.

UC-1 arranged to meet the defendant and purchase another quantity of heroin. UC-1 agreed to purchase a kilogram of heroin from the defendant for $60,000. On April 13, 2006, at approximately 8:00 p.m., UC-1 arrived by car at the Travelodge Motel, at 1917 Bladensburg Road, N.E., Washington, D.C. He had traveled from New Jersey. At the direction of the defendant, UC-1 went to Hotel Room #211, knocked on the door and entered the room. The defendant and a second Latino individual were inside the room. UC-1 showed the defendant U.S. Currency, the defendant acknowledged that he had the heroin and directed UC-1 to the heroin. At that point, UC-1 said he would have to go back to the car to get the rest of the money. UC-1 left the room and the police arrest team moved in and arrested the defendant. The drug transaction was captured both on audio and video tape. The heroin was sent to the DEA Mid-Atlantic Laboratory and analyzed. The heroin

weighed 986 grams, and was 9.2% pure.

## II. SENTENCING CALCULATION

### A. Statutory Maximum

The defendant pled guilty to Count One, Unlawful Distribution of 100 Grams or More of Heroin. The maximum sentence for the charge is forty years imprisonment with a mandatory minimum sentence of five years imprisonment, five years of supervised release, and a fine in the amount of $2,000,000.

### B. Guidelines Calculation

The government and defendant agree with the Guidelines calculations utilized in the Pre-Sentence Report ("PSR"), which correctly calculated the defendant's total offense level at 29. See PSR ¶ 22. The PSR also correctly calculated the defendant's criminal history as Category 0. See PSR ¶ 25. Therefore, the guideline range for the defendant is correctly calculated in the PSR as 87 to 108 months incarceration, with a mandatory minimum sentence of 60 months imprisonment. See PSR ¶ 47, 48. For the reasons set forth, infra Section III of this Memorandum, the government respectfully recommends that the Court sentence the defendant to 87 months imprisonment.

## III.  B. SENTENCING RECOMMENDATION.

In determining the appropriate sentence, the Court "shall consider . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. Section 3553(a)(2)(A). In this case, the defendant was arrested after providing two UCs with over 1,000 grams of heroin. The defendant traveled from New Jersey with the heroin to sell it to individuals he believed were Washington, D.C. drug dealers. The quantity of heroin that the defendant distributed was exorbitant, and the defendant

was about to add to the severe drug problem in this community. Although it appears that the defendant has no criminal convictions for drug trafficking, the quantities that the defendant distributed establish that the defendant was not a peripheral player in the drug trade. He was ready, willing, and able to continue to supply heroin to those he believed were Washington, D.C. drug dealers.

It is vital that the Court send a message to both the defendant and the community that repeated criminal acts, including distributing drugs in this community, will not be tolerated. It is a bedrock principle in our criminal justice system that each person is responsible for his actions and, as a result, accountable for them. The defendant is no exception.

Accordingly, the government believes that a term of incarceration of 87 months imprisonment is appropriate.

## IV.    CONCLUSION

Wherefore, the government respectfully requests that the Court sentence the defendant to a term of incarceration of 87 months, representing the low-range of the sentencing range.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


_____
ANTHONY SCARPELLI
Assistant United States Attorney
Organized Crime & Narcotic Trafficking Section
555 4th Street, N.W., Room 4816
Washington, D.C. 20530
(202) 353-1679

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Lara Quint, Esquire, on this 27th day of November, 2006.

_____
ANTHONY SCARPELLI
ASSISTANT UNITED STATES ATTORNEY