IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Cr. No. 06-136 (HHK) |
| V. | ) | |
| | ) | |
| **KRISTIAN S. GARCIA** | ) | |
| | ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Kristian Garcia, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Garcia respectfully asks the Court to sentence him to a period of incarceration of five years.

### BACKGROUND

On May 23, 2006, a one-count information was filed against Mr. Garcia, charging him with Unlawful Distribution of 100 Grams or More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(i). On June 27, 2006, Mr. Garcia pled guilty to Count One in accordance with a written plea agreement.

### DISCUSSION

**I.    THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when

sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, _ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

>Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

>No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

>[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

II.     UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. CAMERON SHOULD RECEIVE A SENTENCE OF INCARCERATION OF 60 MONTHS

A.     Statutory Provisions

Pursuant to the applicable statute, the minimum term of imprisonment is five years for this Class B felony, while the maximum term of imprisonment is forty years. 21 U.S.C. § 841 (a)(1) and (b)(1)(B)(i).

     B.     Advisory Sentencing Guidelines

     (I).     *Applicable Guideline Range*

The Probation Office, consulting the 2005 edition of the Guidelines Manual, has concluded that the Total Offense Level in this case is 29 and that Mr. Garcia's criminal history category is I. The Probation Office calculates that Mr. Garcia's advisory Guideline range is 87-108 months.

     C. Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

The crime to which Mr. Garcia pled guilty is a serious offense. While Mr. Garcia in no way wishes to diminish its seriousness, he does ask the Court to take into account the fact that he has no prior convictions whatsoever. Though Mr. Garcia has had problems related to alcohol and substance abuse in the past, he has–for the most part–been able to maintain steady employment and refrain from criminal activity. While Mr. Garcia did participate in the three drug transactions outlined in the PSR, he was not involved as a ringleader or organizer. The offense conduct at issue in this case is in no way reflective or indicative of a pattern.

*II. Characteristics of the Defendant*

As set forth in the PSR and noted above, Mr. Garcia is a young man whose experimentation with drugs and alcohol commenced when he was even younger. Mr. Garcia began consuming alcohol at the age of 14 and using marijuana three years later. At the time of his arrest, Mr. Garcia used drugs and drank alcohol on a daily basis. While his drug use has caused him many problems–including lack of concentration in school and in the workplace–Mr. Garcia has never benefitted from substance abuse treatment or counseling. Until the age of 17, Mr. Garcia did not feel sufficiently close to his family to seek support at home, either.

While Mr. Garcia did not receive any meaningful parental guidance himself as a child, he has established a relationship with, and indeed grown close to, his mother in recent years. As suggested in the letter submitted by his sister[1], Mr. Garcia had a troubled childhood. Though he felt neglected, alone and unloved, he was unable to articulate those feelings until very recently.

---

[1] Please see Attachment A.

Such feelings may not justify involvement in criminal activity, but they do shed light on the self-destructive choices Mr. Garcia made as a young adult. The letters provided by both his sister and his instructor[2] make clear that there is much more to Mr. Garcia than the list of employment and educational experiences set forth in the Presentence Investigation Report. Mr. Garcia is a kind brother, a responsible son and an avid learner. He is someone with ideas and dreams and potential when he wants to be. He has taken advantage of educational opportunities even after being expelled from high school and he has worked in order to provide for his mother financially. Being in D.C. Jail, incarcerated for the first time and far from his family, Mr. Garcia has been paying each day since April 13th for the poor choices that led to his arrest.

### III. Needs of the Community and Public

For the reasons stated in Section II, were the Court to sentence Mr. Garcia to a period of imprisonment longer than 60 months, his incarceration would derail the educational and vocational progress he has made and cause both financial and emotional hardship to his family. Especially in light of the fact that Mr. Garcia has never spent any time in jail or prison, a longer period of incarceration would not only be unnecessary in terms of sending a message but would be unduly punitive. Clearly, Mr. Garcia's drug use and lack of guidance contributed to his commission of the crime in the instant case. What Mr. Garcia needs is intensive treatment–the intensive treatment he has never received. A sentence of 60 months, incorporating treatment, would not only be a fair and reasonable sentence, but would ensure that, when Mr. Garcia is released, he can be a productive and responsible member of the community.

---

[2] Please see Attachment B for the letter from the instructor.

## **CONCLUSION**

      For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Garcia asks the Court to sentence him to a period of incarceration of 60 months. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

      As Mr. Garcia has never served a period of incarceration, there is no need for a sentence of 87-108 months to act as a deterrent. Furthermore, a sentence of imprisonment longer than 60 months is unnecessary to fulfill either a punitive or a rehabilitative purpose. In light of the fact that Mr. Garcia pled guilty in a timely fashion, as well as the fact that Mr. Garcia has no criminal history points, a sentence longer than five years would serve no purpose other than punishment.

      Respectfully submitted,

      A.J. Kramer
      Federal Public Defender

      _____/s/_____
      Lara G. Quint
      Assistant Federal Public Defender
      625 Indiana Avenue, N.W.
      Washington, D.C. 20004
      (202) 208-7500 ex.134